UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDY I. CARTER, | ) | |
| Movant, | ) | |
| v. | ) | Misc. No. 1:13-mc-00066 (RJL) |
| DEPARTMENT OF JUSTICE, | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

(August 23rd, 2013) [Dkt. #1]

On January 29, 2013, movant Judy I. Carter ("movant" or "Carter") filed a miscellaneous action, seeking "an order quashing the subpoena for her bank records[,]" pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* ("RFPA"). *See* Mot. to Quash Subpoena Duces Tecum [Dkt. #1]. Respondent, the United States Department of Justice ("respondent" or "DOJ"), provided an Opposition to this Court on February 15, 2013. *See* DOJ's Opp'n [Dkt. #2]. Having considered the parties pleadings, relevant law, and the entire record herein, the Motion to Quash shall be DENIED.

**BACKGROUND**

Carter serves as an Executive Officer at the United States Parole Commission ("USPC") where her responsibilities include certain personnel actions. The DOJ Office of the Inspector General ("OIG") issued the subpoena Carter challenges in connection

1

with an investigation into alleged misconduct in hiring practices. *See* DOJ Opp'n at 2. The allegations include a charge that Carter hired her current son-in-law as a USPC employee, as well as a charge that she awarded a contract to a company owned by a friend. *Id.* Such conduct could violate federal anti-nepotism laws, government ethics standards, and aspects of the civil service merit system. *Id.* at 5.

The OIG issued the administrative subpoena at issue to Bank of America on or about January 11, 2013. *Id.* at 3. Because the records sought by the subpoena are subject to the RFPA, the OIG notified Carter of her right to challenge the subpoena. Carter filed her challenge on January 29, 2013. *See* Mot. to Quash.

## ANALYSIS

A district court may quash a subpoena only on three grounds: "(1) the agency's inquiry is not a legitimate law enforcement inquiry; (2) the records requested are not relevant to the agency's inquiry; or (3) the agency has not substantially complied with the RFPA." *See Thomas v. United States Dep't of Homeland Security*, 876 F. Supp. 2d 1, 6 (D.D.C. 2012) (quotations and citations omitted). Because "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," this Court must deny the Motion to Quash. *See* 12 U.S.C. § 3410(c). Movant's objections to the subpoena lack merit. She cannot prove that the subpoena is overbroad or otherwise not in accordance with the requirements of the RFPA.

The investigation is within the scope of the OIG. The documents sought are relevant to the investigation because they may show details about the nature of the

2

financial relationship between Carter and her son-in-law before and after he became an employee of USPC. The alleged conduct could violate a host of federal laws, rules, and regulations.

Bank of America is able to provide all documents sought by the subpoena without undue burden, and the OIG has complied with the RFPA in all respects.

## CONCLUSION

For the foregoing reasons, this Court concludes that the records requested are relevant to a legitimate law enforcement inquiry by respondent.

It is, therefore, this 23rd day of August, 2013,

**ORDERED** that the Motion to Quash Subpoena Duces Tecum is **DENIED.**

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge